Gary W. Archibald 627 GRN 518 Road Paragould, AR 72450
Dear Mr. Archibald:
This is in response to your request, pursuant to A.C.A. §25-19-105(c)(3)(B), for an opinion as to whether certain records should be disclosed under the Arkansas Freedom of Information Act (FOIA), codified at A.C.A. §§ 25-19-101 to -109 (Repl. 1996 Supp. 2001).
You state that you have recently been terminated by the City of Paragould Police Department. You indicate that a request has been presented to the City for copies of employment evaluations and job performance records relating to your separation from the Department. You have provided a copy of the notice letter you received from the custodian of the records. This notice letter indicates that the custodian has determined that these records should be released. I am directed by law to issue my opinion as to whether the custodian's determination regarding the release of the records is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B). You have also indicated that you object to the release of this information because you believe that said release would be detrimental to the City of Paragould and the Paragould Police Department, as well as your family members and their standing in the community.
As an initial matter, I must note that I have not been provided with the records in question or been given any information regarding the specific conduct involved. I therefore cannot opine definitively regarding the disclosability of those records. I will, however, discuss the legal principles that should be considered by the custodian of the records in making a determination regarding their release.
THE STANDARD FOR DISCLOSABILITY
Under the provisions of the FOIA, "employee evaluation or job performance records" (including "preliminary notes and other materials") are disclosable only if the following three conditions have been met:
 (1) there has been a final administrative resolution of any suspension or termination proceeding;
 (2) the records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 (3) there is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).
The question of whether there has been a final administrative resolution of the suspension or termination at issue and of whether the requested records "formed a basis" for that suspension or termination are clearly questions of fact that can be readily determined by the custodian of the records. The requested records can be disclosed only if those questions can be answered affirmatively as to particular records, and if it is determined that there is compelling public interest in their disclosure, as discussed below.
COMPELLING PUBLIC INTEREST
The phrase "compelling public interest" is not defined in the FOIA. Clearly, whether there is a "compelling public interest" in the release of particular records will depend upon all of the facts and circumstances attendant to the particular case. Both the rank of the employee (or the position held) and the nature of the problem that led to the suspension or termination may be relevant to this inquiry. It has been stated that the public's interest in disclosure is most likely to be compelling when the records reflect a breach of trust or illegal conduct by public employees, and courts may be more likely to find such an interest when a high-level employee is involved than when the records of a "rank-and-file" worker are at issue. John Watkins, The Arkansas Freedomof Information Act (3d ed. 1998). It has also been stated that "the mere fact that an employee has been suspended or terminated does not mean that the records should be made public; if that were the case, the `compelling public interest' phrase would be a redundancy. . . ." Id. Finally, a general interest in the performance of public employees should not be considered compelling because that concern is always present.
The foregoing principles are those which the custodian should consider in determining whether the requested records should be released (or whether they are exempt from release) as "employee evaluation or job performance records."
Finally, it should be noted that the custodian should review individually all records that are released to determine whether they contain specific information that is exempt from disclosure even if the record itself is not exempt from disclosure. If so, this information should be redacted from the records prior to their release. For example, if the records contain social security numbers, they should be redacted. See, e.g., Op. Att'y Gen. No. 99-011, citing 5 U.S.C. § 552a (the "Federal Privacy Act"). Similarly, unlisted telephone numbers should be redacted. See, e.g., Op. Att'y Gen. No. 99-054. Under certain specialized circumstances where the facts indicate that the employee in question has a heightened privacy interest, the home address and listed telephone number can be redacted as well. See Stilley v. McBride, 332 Ark. 306, 965 S.W.2d 125
(1998); Op. Att'y Gen. No. 99-054.
Conclusion
The custodian of the records should apply the above-outlined principles of law in determining whether your employment-related records should be released, perhaps with the aid of the counsel to whom the department or City normally looks for legal advice. Without reference to the actual records in question, I cannot offer a conclusive opinion on the matter.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh